UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM and STACY RODRIGUES,   No. 07-11312

Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

The debtors in this Chapter 7 case have a calculated income above the median. The U.S. Trustee, representing the interests of creditors, has moved for dismissal of the case pursuant to § 707(b)(1) of the Bankruptcy Code on the grounds that it is presumptively abusive under § 707(b)(2) and an abuse under the totality of the circumstances under § 707(b)(3). The threshold issue is whether, under the test for presumptive abuse, the debtors' mortgage obligations on the date of filing are to be included in the means test calculation even though the debtors then intended to surrender the home to the lienholders.[1]

There is no binding authority on the issue, which has been considered by numerous bankruptcy courts. Each case contains a good summary of those which have gone before it, the latest case being *In re*

---

[1] Although the court could go into more detail as to the facts of this particular case, upon reflection the court feels it is not appropriate to do so. The 2005 amendments to the Bankruptcy Code which created the means test were intended to remove the court from any discretionary role in how it is calculated. The court fears that if it considers the individual facts in applying the means test it will be creating a "heads-I-win-tails-you-lose" situation in favor of the U.S. Trustee, whereby if the debtors fail the means test that is the end of the story but if they seem to pass the U.S. Trustee can introduce evidence that the debtors are unworthy. Thus, the court intentionally disregards the facts which the U.S. Trustee asks the court to consider in calculating the means test. Those facts may be relevant when the court considers dismissal under § 707(b)(3), but not when the court is trying to apply the mechanical test set forth in detail in § 707(b)(2).

1

*Guerriero*, 2008 WL 321303 (Bankr.D.Mass. Feb. 4, 2008), which followed the majority of courts in holding that monthly payments on secured debts are to be included in the means test calculation notwithstanding the debtor's intent to surrender the collateral securing the debt.

The court elects to follow the majority rule for two reasons. First, it seems to be the fairest interpretation of the statute. Second, since the majority rule has already been adopted by a judge of this district in *In re Chang*, 2007 WL 3034679 (Bankr.N.D.Cal. Oct. 16, 2007), the rule will be uniform in this district for at least a little while.

For the foregoing reasons, the U.S. Trustee's motion to dismiss the case as presumptively abusive will be denied. An appropriate form of order will be entered when the § 707(b)(3) motion is decided. Until that time, either side may move for reconsideration if an appellate decision regarding the issue discussed in this memorandum is published.

If the U.S. Trustee intends to pursue dismissal under the totality of the circumstances, she shall set the matter for further hearing.

Dated: February 11, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

2