UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM and STACY RODRIGUES,            No. 07-11312

Debtor(s).
_____/

Memorandum on Motion to Dismiss (Totality of Circumstances)
_____

       The U.S. Trustee originally moved for dismissal of this Chapter 7 case on grounds of presumptive abuse pursuant to § 707(b)(2) of the Bankruptcy Code and grounds that the totality of the circumstances constitute abuse pursuant to § 707(b)(3). The court has previously ruled that there is no presumption of abuse in this case. The remaining issue is whether the totality of the circumstances constitute abuse.

       Where there is no presumption of abuse, the burden is on the moving party to demonstrate that the totality of the circumstances of a debtor's financial situation demonstrate abuse. *In re Ansar*, 383 B.R. 344, 348 (Bkrtcy.D.Minn.2008); *In re Walker*, 381 B.R. 620, 623 (Bkrtcy.M.D. Pa.2008).

       The schedules that debtors William and Stacy Rodrigues have a combined monthly net income of $5,750.00 after deduction of payroll taxes, health insurance and $277.00 per month in retirement savings. They show monthly expenses of $5,707.00, which include $796.00 per month in vehicle expenses. They also show about $80,000.00 in unsecured debt which includes seven credit cards and two lines of credit.

       The decision to dismiss a case under § 707(b)(3) can be influenced by numerous factors, both pro and con. For instance, evidence that the debtors have engaged in illegal or abusive conduct might properly influence a court to dismiss a case, and evidence that the debtors have faced particularly difficult circumstances with honesty and a sincere effort to do right by their creditors might properly influence a court

1

to deny a motion to dismiss. However, in the absence of such influencing factors the debtors' ability to fund a Chapter 13 plan is the primary factor governing dismissal of a Chapter 7 case. *In re Kelly*, 841 F.2d 908, 914 (9th Cir. 1988).

In this case, the U.S. Trustee has demonstrated no bad faith on the part of the debtors and the debtors have demonstrated no sympathetic circumstances.[1] The court therefore concentrates on whether the debtors can fund a meaningful Chapter 13 plan. While their budget is for the most part very reasonable, there are some areas where it could be reasonably trimmed.

First, the court sees no reason why the debtors should be making payments on two cars and a motorcycle. The motorcycle at least is not justifiable for debtors who owe $80,000.00 in unsecured debt.

Second, it appears that the debtors have amended their medical and dental expense from $75.00 per month to $350.00 per month based on temporary health care costs and that their actual expenses (on top of the $338.00 per month health care deduction from gross income) would be much closer to the $75.00 figure over the 60-month life of a Chapter 13 plan.

Third, the monthly expense of $113.00 for pet care is excessive.

It appears that the debtors can fund a Chapter 13 plan of at least $400.00 per month on account of unsecured debt, resulting in a dividend to unsecured creditors of about thirty cents on the dollar. This would be a fair result to unsecured creditors while affording considerable bankruptcy relief to the debtors. Accordingly, this case will be dismissed unless the debtors elect to convert to Chapter 13. If the debtors convert to Chapter 13, they may seek reconversion to Chapter 7 upon a showing of changed circumstances and a good faith attempt to complete a Chapter 13 plan.

Counsel for the U.S. Trustee shall submit an appropriate form of order.

Dated: May 14, 2008

---

[1] The court finds the debtors' arguments regarding the needs of their adult daughter and some non-life-threatening health issues to be, in a word, lame.

|     |                                           |
| --- | ----------------------------------------- |
| 1   |                                           |
| 2   |                                           |
| 3   | Alan Jaroslovsky<br>U.S. Bankruptcy Judge |